# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

TAVIA WAGNER,

       Plaintiff,

v.                                                      Case No:   6:23-cv-2094-RBD-LHP

TWO SPURS, LLC,

       Defendant

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **UNOPPOSED MOTION TO SET ASIDE DEFAULT (Doc. No. 16)**
>
> **FILED:**     February 6, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

On October 30, 2023, Plaintiff Tavia Wagner filed a Complaint against Defendant Two Spurs, LLC, d/b/a Smash Burgers, alleging violations of Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA").  Doc. No. 1.  According to the return of service, Plaintiff effectuated service of process on

Defendant on December 12, 2023 by serving Defendant's registered agent. Doc. No. 11. But Defendant did not respond to the Complaint or otherwise appear in the case, and Plaintiff thereafter moved for Clerk's Default. Doc. No. 12. The Court granted the motion, and Clerk's Default was entered against Defendant on January 30, 2024. Doc. Nos. 13–14.

On February 6, 2024, Defendant filed the above-styled Unopposed Motion to Set Aside Default. Doc. No. 16. In the motion, Defendant does directly dispute that service was made on its registered agent, but states that it was never made aware of said service, and did not become aware of the service or of the Clerk's Default until February 5, 2024. *Id.*, at 1–2. Defendant further notes that it filed the present motion within 24 hours of becoming aware of the Clerk's Default. *Id.*, at 4. Based on these circumstances, Defendant contends that good cause exists to vacate the default. *Id.* As stated in the motion, Plaintiff agrees to the vacating of the default. *Id.*, at 2.

Upon consideration, and given the lack of opposition, the Court finds Defendant's motion (Doc. No. 16) well taken and that there is good cause to vacate the default. *See* Fed. R. Civ. P. 55(c); *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1339, 1342 (11th Cir. 2014); *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). Defendant's Unopposed Motion to Set Aside Default (Doc. No. 16) is therefore **GRANTED**, and the Clerk of

Court is **DIRECTED** to **VACATE** the Clerk's Default (Doc. No. 14). As it appears that Defendant has now been properly served and is represented by counsel, Defendant shall answer or otherwise respond to the Complaint within twenty-one (21) days from the date of this Order.

**DONE** and **ORDERED** in Orlando, Florida on February 8, 2024.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties